IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelica M Loreto, | No. CV-22-00269-TUC-JAS (AMM) |
| Plaintiff(s), | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendant(s). | |

**DISCUSSION**

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Martinez. The Report and Recommendation recommends granting Defendant's Motion to Dismiss in part and denying it in part. Defendant filed objections to the Report and Recommendation, arguing the Court should have granted the motion in its entirety. Plaintiff filed no objection.[1]

As a threshold matter, as to any new evidence, arguments, and issues that were not timely and properly raised before United States Magistrate Martinez, the Court exercises its discretion to not consider those matters and considers them waived.[2] *See United States*

---

[1] Unless otherwise noted by the Court, internal quotes and citations have been omitted when citing authority throughout this Order.
[2] As a general matter, the Court notes that it has had numerous problems with parties in many cases attempting to raise new issues that could have been raised before the United States Magistrate Judge. The Court does not abide such actions, and allowing such actions undermines the Court's ability to properly manage the hundreds of cases pending before the Court. *See United States v. Ramos*, - F.4th -, 2023 WL 2850376, *16 n. 5 (9th Cir. April 10, 2023) ("Ramos's motion for reconsideration argued that the district court failed to conduct de novo review because the order adopting the report and recommendation stated that 'as to any new ... arguments ... not timely ... raised before [the magistrate judge], the

*v. Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation . . . [I]n making a decision on whether to consider newly offered evidence, the district court must . . . exercise its discretion . . . [I]n providing for a *de novo* determination rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations . . . The magistrate judge system was designed to alleviate the workload of district courts . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. [I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").

Assuming that there has been no waiver, the Court has conducted a *de novo* review as to Defendant's objections. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with [the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or

---

Court exercises its discretion to not consider those matters and considers them waived" even though, according to Ramos, the case raised no waiver issue. But this argument misses the point. The fact that the order contained extraneous language does not negate the district court's multiple assertions that it conducted de novo review and the magistrate judge's proper analysis in recommending denial of the motion to suppress.").

specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

In addition to reviewing the Report and Recommendation and any objections and responsive briefing thereto, the Court's *de novo* review includes review of the record and authority before United States Magistrate Judge Martinez which led to the Report and Recommendation in this case; for example, the Court's *de novo* review included the First Amended Complaint (Doc. 21, filed January 6, 2023), Defendant's motion to dismiss (Doc. 26, filed February 21, 2023), the response to the motion in question (Doc. 27, filed march 7, 2023), the reply to motion in question (Doc. 28, filed on March 14, 2023), the Report and Recommendation (R & R) (Doc. 30, filed on September 9, 2023), the objection to R & R (Doc. 31, filed on September 15, 2023), and the response to the objection (Doc. 33, filed on September 20, 2023). (The "Affidavit" filed at Doc. 32 is a duplicate of Doc. 33 and was filed in error.) Magistrate Judge Martinez did not conduct a hearing on Defendant's motion as no party requested one. Further, this Court finds briefing on the Motion to Dismiss was adequate and oral argument would not have helped in resolving the matter. *See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200-1201 (9th Cir. 1999).* The same is true of the R & R.

Upon *de novo* review of the record and authority herein, the Court finds Defendant's objections to be without merit, rejects those objections, and adopts United States Magistrate Judge Martinez's Report and Recommendation. *See*, *e.g., United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) ("Rodriguez is entitled by statute to *de novo* review of the subject. Under *Raddatz* [447 U.S. 667 (1980)] the court may provide this on the record compiled by the magistrate. Rodriguez treats adoption of the magistrate's report as a sign that he has not received his due. Yet we see no reason to infer abdication from adoption. On occasion this court affirms a judgment on the basis of the district court's opinion. Affirming by adoption does not imply that we have neglected our duties; it means,

rather, that after independent review we came to the same conclusions as the district judge for the reasons that judge gave, rendering further explanation otiose. When the district judge, after reviewing the record in the light of the objections to the report, reaches the magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report, sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Independent School Dist. No. 42 of Stephens County, Okl.*, 8 F.3d 722, 724 (10th Cir. 1993) ("*De novo* review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court . . . The district court's duty in this regard is satisfied only by considering the actual testimony [or other relevant evidence in the record], and not by merely reviewing the magistrate's report and recommendations . . . On the other hand, we presume the district court knew of these requirements, so the express references to *de novo* review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise . . . Plaintiff contends . . . the district court's [terse] order indicates the exercise of less than *de novo* review . . . [However,] brevity does not warrant look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record."); *Murphy v. International Business Machines Corp.*, 23 F.3d 719, 722 (2nd Cir. 1994) ("We . . . reject Murphy's procedural challenges to the granting of summary judgment . . . Murphy's contention that the district judge did not properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in Murphy's objections."); *Gonzales-Perez v. Harper*, 241 F.3d 633 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a *de novo* review of the record related to the objections, which requires more than merely reviewing the report and recommendation . . . This court presumes that the district court properly performs its review and will affirm the district court's approval of the magistrate's recommendation absent evidence to the contrary . . .

The burden is on the challenger to make a *prima facie* case that *de novo* review was not had."); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009) ("Brunig also claims that the district court judge did not review the magistrate's report *de novo* . . . There is no evidence that the district court did not conduct a *de novo* review. Without any evidence to the contrary . . . we will not assume that the district court did not conduct the proper review.").[3]

# CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) United States Magistrate Judge Martinez's Report and Recommendation (Doc. 30) is **accepted and adopted** in its entirety.

(2) Defendant's objections are **rejected**.

(3) Defendant's Motion to Dismiss (Doc. 26) is **granted** in part and **denied** in part.

Lastly, as a general matter, the Court emphasizes that its *de novo* review, Orders and case management practice of adopting Report and Recommendations in the manner reflected herein (whether in the past, present, or future) conscientiously adheres to published Ninth Circuit authority. *See, e.g., United States v. Ramos*, - F.4th -, 2023 WL

---

[3] *See also Pinkston v. Madry*, 440 F.3d 879, 893-894 (7th Cir. 2006) ("the district court's assurance, in a written order, that the court has complied with the *de novo* review requirements of the statute in reviewing the magistrate judge's proposed findings and recommendation is sufficient, in all but the most extraordinary of cases, to resist assault on appeal"; emphasizing that "[i]t is clear that Pinkston's argument in this regard is nothing more than a collateral attack on the magistrate's reasoning, masquerading as an assault on the district court's entirely acceptable decision to adopt the magistrate's opinion . . ."); *Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000) ("The district court's order is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed.R.Civ.P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a *de novo* review of the record . . . It is common practice among district judges . . . to [issue a terse order stating that it conducted a *de novo* review as to objections] . . . and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's [terse] statement as establishing that it failed to perform the required *de novo* review . . . We hold that although the district court's decision is terse, this is insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*."); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed. But this *de novo* determination is not the same as a *de novo* hearing . . . [I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.").

2850376, *4-8 (9th Cir. April 10, 2023) ("Under this statutory scheme [of the Federal Magistrates Act], the district court did what § 636(b) requires: it indicated that it reviewed the record de novo, found no merit to Ramos's objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (same); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004) (same); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (same).[4]

---

[4] As a purely hypothetical exercise, suppose that a United States District Judge in the District of Arizona in the Tucson Division (or any other District Court throughout the entire country) has approximately 300 cases at any point in time. Suppose that the Hypothetical District Judge ("HDJ") adopts a Hypothetical United States Magistrate Judge's ("HMJ") Report and Recommendation ("R & R") in 10% of the 300 constantly revolving cases each year while on the bench as a HDJ from the age of 60 to 90. Suppose that the HDJ reviewed all applicable published authority, and in full compliance with that published authority issued a Hypothetical Order ("HO") (string citing and quoting 20 published cases directly on point - for the hypothetical, it matters not whether the HO is 1 paragraph, 1 page, 10 pages, or 100 pages) adopting an R & R where the HO indicates that it reviewed the record *de novo*, found no merit to a parties' objections, and summarily adopted the HMJ's analysis in the R &R (and the HO does not specifically address a party's objections as it is a non-existent legal requirement according to a plethora of published authority). In light of these assumptions for the HDJ, the numbers would be as follows: (1) After 1 year, there would be 30 HO's from this one HDJ that look largely identical as they primarily cover the same law and case management procedures; (2) After 5 years, there would be 150 HO's from this one HDJ that look largely identical as they primarily cover the same law and case management procedures; (3) After 10 years, there would be 300 HO's from this one HDJ that look largely identical as they primarily cover the same law and case management procedures; (4) After 20 years, there would be 600 HO's from this one HDJ that look largely identical as they primarily cover the same law and case management procedures; and (5) After 30 years on the bench (at age 90, achy and ready to retire, the HDJ is hereinafter referred to as Super Old Hypothetical District Judge – "SOHDJ"), there would be 900 HO's from this one SOHDJ that look largely identical as they primarily cover the same law and case management procedures. While some may disapprove of the 900 HO's from this one SOHDJ that look largely identical as they primarily cover the same law and case management procedures, the 900 HO's from this one SOHDJ nonetheless would fully comply with published legal authority. The SOHDJ certainly could have: (1) string cited 20 different cases for the same legal standard in all 900 HO's (i.e., 900 HO's, times 20 new string cites, equals 18,000 different cases cited for the same legal standard over the course of a 30 year career); and (2) discussed the same legal standards and case management practice in 900 different ways. The SOHDJ ruminates that maybe if he did this, all would give credence to his certification in his 900 HO's that he conducted the required *de novo* review as repeatedly stated in his HO's over the last 30 years. Perhaps, the SOHDJ thinks, maybe he should draft a wholly unique Order covering all the same issues that were already correctly addressed in the R & R to further lend credence to his certification that he conducted a *de novo* review. However, the SOHDJ also thinks that maybe some will nonetheless think: that he simply scanned the entire case record into ChatGPT (which

The Court's case management practices are also consistent with numerous unpublished Ninth Circuit cases. *See*, *e.g.*, *United States v. Drapel*, 418 F. App'x 630, 630-31 (9th Cir. 2011); *Brook v. McCormley*, 837 F. App'x 433, 435-36 (9th Cir. 2020); *Payne v. Marsteiner*, No. 21-55296, 2022 WL 256357, at *1 (9th Cir. 2022).

In addition to being compliant with Ninth Circuit authority and the relevant statutory scheme, the Court's case management practices are similarly consistent with authority from numerous other circuits, including the First Circuit, Second Circuit, Fifth Circuit, Eighth Circuit, and Tenth Circuit. *See*, *e.g.*, *Elmendorf Grafica, Inc. v. D.S. Am. (E.), Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995); *Murphy v. Int'l Bus. Machs. Corp.*, 23 F.3d 719, 722 (2d Cir. 1994); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009); *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022); *Gonzales-Perez v. Harper*, 241 F.3d 633, 636-37 (8th Cir. 2001); *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

As to each and every individual case before the Court (past, present, and future), the Court consciously conducts the *de novo* review required of the Court. Oftentimes, as the United States Magistrate Judge is a neutral arbiter of the law and facts (similar to the Court, and unlike parties who represent opposing factual and legal assertions), the Court (after conducting the required *de novo* review) agrees with a Report and Recommendation's analysis as it correctly resolves the pertinent issues; in these circumstances, the Court issues an Order akin to this Order (i.e., an Order that discusses the pertinent legal standards and states that the Court conducted the required *de novo* review pursuant to those legal standards). Thus, if the applicable law has not changed and the Court's case management practices have not changed, the Court does not unnecessarily venture anew (in each

---

scored in the 90th percentile on the bar exam) and advanced artificial intelligence wrote the Order; or maybe he only read the objections and R & R (not the underlying briefing and hearing transcript); or maybe he was not fully concentrating while reading the underlying record as he was preoccupied with what the early bird special was at IHOP. Perhaps, the SOHDJ thought, even though his *de novo* review certifications (in full compliance with published authority) came without the proverbial ribbons, tags, packages, boxes or bags, maybe perhaps, his SOHDJ *de novo* review certifications mean a little bit more. Alas, while the beleaguered SOHDJ could have disingenuously cited 18,000 different cases for the same controlling legal standards and stated the same legal standards and case management practice in 900 different ways, the SOHDJ stood firm in his conviction this was not sound and effective case management practice for this particular SOHDJ.

individual case – numbering in the hundreds) to newly string cite dozens of different cases that state the same standards, nor does the Court attempt to re-word or re-phrase the many quotes from those cases (which state the controlling legal standards); nor does the Court attempt to re-word or re-phrase the Court's consistent case management practice which complies with all applicable legal standards.[5]  Often, the Court agrees with a Report and Recommendation and issues an Order akin to the current Order (as has happened on numerous occasions in the past and will occur in the future); sometimes, the Court disagrees with a Report and Recommendation and issues an Order completely unique to that individual case as the Court needs to further explain the reasoning for its disagreement. *See* 4:18-cr-01695 (Doc. 2130 [ruling in favor of the Plaintiff/Government], Doc. 2361[ruling in favor of Defendants]) (*U.S. v. Williams, et al.* – a case involving 19 defendants alleging a wide-ranging conspiracy involving murder, assaults, and drug distribution) (*compare* Doc. 2130 - 10/7/22 Order *Rejecting* Report and Recommendation [*U.S. v. Moore*, - F. Supp. 3d -, 2022 WL 5434268 (D. Ariz. Oct. 7, 2022)] *with* Doc. 2361 – 3/24/23 Order *Adopting* Report and Recommendation [*U.S. v. Rakestraw*, 2023 WL 2624461 (D. Ariz. Mar. 24, 2023)]).

The Court also notes that it is in the Tucson Division of the United States District Court for the District of Arizona (i.e., in a border town on the U.S.-Mexico border); consequently, there is a very high criminal case load[6] (on top of many civil cases as well).  In any given

---

[5] In adopting a Report and Recommendation, none of the applicable authority prohibits the Court from issuing Orders that incorporate: the Court's previous, exhaustive, and correct discussion of the applicable legal standards (including numerous cases and quotes directly supporting the Court's practices), what exactly is required of the Court to comply with those applicable legal standards, and how the Court consistently proceeds to follow those applicable legal standards; rather, it is consistent with the purposes of the Federal Magistrate Act to proceed in such a manner as it decreases the time spent on issues that have previously and correctly been discussed by the Court, and increases the time that can be spent on substantive and novel issues in the many cases before the Court – this ultimately improves the effective administration of justice.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").

[6] Pursuant to the Speedy Trial Act which applies to criminal cases, these cases typically move at a rapid pace compared to civil cases (the Speedy Trial Act is inapplicable to civil cases).  *See* 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is

week, for example, the Court may be in the midst of a criminal (or civil) jury trial, while also preparing for the next string of scheduled jury trials coming in the subsequent weeks, and reviewing a voluminous record and drafting a time-sensitive civil Order in an emergency environmental dispute involving the Rosemont copper mine (*see Ctr. For Bio. Diversity v. U.S. Fish and Wildlife Serv.*, 409 F.Supp.3d 738 (D. Ariz. 2019)), and also preparing for and holding numerous sentencing hearings. By proceeding in the case management manner discussed herein, this Court is able to invest less time in assiduously discussing why it agrees (after the required *de novo* review) with the already correct analysis in a Report and Recommendation, and can invest more time in presiding over jury trials, preparing for upcoming trials, preparing for and presiding over sentencing hearings, preparing for and presiding over oral arguments and evidentiary hearings, and preparing for and drafting unique Orders (in non-referred matters) in criminal and civil cases.

Simply put, the Court must divide its time between simultaneous, competing demands; the Court must exercise its case management discretion in a way that the Court deems most effective and appropriate in light of the many cases before the Court. If the Court finds (after the required *de novo* review) that a Report and Recommendation properly resolved the pertinent issues, the Court issues an Order akin to this Order; in such circumstances, for example, it would be an ineffective use of this particular Court's limited time (in each and every of the hundreds of individual cases before the Court) to rehash what the Report and Recommendation already properly discussed such as: what's alleged in the Indictment or Complaint, the procedural history of the case, what the parties argued in a motion to suppress or motion for summary judgment (and the corresponding responses and replies), who said what at an evidentiary hearing (and why certain evidence was or was not credible), and an in-depth discussion of the controlling law (and the parties' competing interpretations of the law). Furthermore, this Court exercises its discretion and does not consider issues that could have and should have been raised before the United States Magistrate Judge; as such, any procedurally proper objections (and corresponding

---

pending, whichever date last occurs.").

- 9 -

responses thereto) are simply repackaging arguments (as objections) that were already properly considered and rejected in the Report and Recommendation. This Court could certainly rehash the underlying procedural history, facts, and law and individually analyze every single objection in great detail in a unique Order leading to its *de novo* determination that the Report and Recommendation is ultimately correct; however, as already explained, the Court considers this to be an unwise use of this Court's limited time and resources. Rather, this Court exercises its case management discretion to adopt Reports and Recommendations in Orders akin to this Order (which has occurred on numerous occasions in the past and will occur in the future) which is in full compliance with authority from the Ninth Circuit, the applicable statutory scheme, and numerous other federal circuit courts. *See*, *e.g.*, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice."); *United States v. Ramos*, 65 F.4th 427, 433-35 (9th Cir. 2023) ("Under this statutory schedule [of the Federal Magistrates Act], the district court did what § 636(b) requires: it indicated that it reviewed the record de novo, found no merit to Ramos's objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."); *Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000) ("The district court's order is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed.R.Civ.P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a *de novo* review of the record . . . It is common practice among district judges . . . to [issue a terse order stating that it conducted a *de novo* review as to objections] . . . and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's [terse] statement as establishing that it failed to perform the required *de novo* review . . . We hold that although the district court's decision is terse, this is insufficient to demonstrate that the court failed to review

the magistrate's recommendation *de novo*."); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986); *United States v. Drapel*, 418 F. App'x 630, 630-31 (9th Cir. 2011); *Brook v. McCormley*, 837 F. App'x 433, 435-36 (9th Cir. 2020); *Payne v. Marsteiner*, No. 21-55296, 2022 WL 256357, at *1 (9th Cir. 2022); *Elmendorf Grafica, Inc. v. D.S. Am. (E.), Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995); *Murphy v. Int'l Bus. Machs. Corp.*, 23 F.3d 719, 722 (2d Cir. 1994); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009); *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022); *Gonzales-Perez v. Harper*, 241 F.3d 633, 636-37 (8th Cir. 2001).

Dated this 27th day of September, 2023.

Honorable James A. Soto
United States District Judge